[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON APPLICATION TO DISCHARGE LIS PENDENS AND PLAINTIFF'S COMPLAINT FOR SPECIFIC PERFORMANCE, INJUNCTION AND MONEY DAMAGES
Pursuant to Section 325 of the General Statutes the defendant 56 Beach Avenue LC and the intervening defendant E. Donald CT Page 15023 Elliott have applied to release a certain lis pendens placed on the defendant 56 Beach Avenue's premises by the plaintiff Thomas DeGennaro who claims a breach of a contract he had to purchase real estate. All parties also agreed and requested in light of their closed pleadings that the court decide the entire underlying case.
Because there was no sufficient written memorandum signed by all parties to be charged setting forth a mutual assent to the essential terms of the agreement, the lis pendens is dissolved and the plaintiff's claims for specific performance, injunctive relief and damages are denied.
The court will first turn to the matter of the lis pendens.
No civil action may be maintained upon any agreement for the sale of real property unless it is in writing and signed by the party to be charged. General Statutes § 52-550(a)(4). Although not every term of the agreement need be in writing, the essential terms need to be written and signed by a party to be charged. Fruin v. Colonnade One at Old Greenwich Ltd.Partnership, (1995) 39 Conn. App. 420, 662 A.2d 129: aff'd237 Conn. 123, 665 A.2d 607. Some of the essential terms include the identity of the parties to the agreement. In reTischler, Bkrtcy, D. Conn. 1996, 201 B.R. 608. One offer was made on a faxed standard Board real estate contract by a "Dr. Thomas DeGennaro et al." There was no way of knowing from the "et al" reference who the other parties to be charged were. Had the agreement said "et ux.", it would have been clear that there was but one additional party to the contract, an identified person, the wife of the plaintiff. Without more identification of the names of the parties the court holds that such a writing could not suffice to give a reasonable person of ordinary caution, prudence and judgment the belief in existence of facts essential under law for an action in specific performance, or for injunctive relief preventing conveyance of the premises or for damages arising out of breach of a contract. For that reason the lis pendens is ordered discharged.
The Court will now turn to the question about which party should prevail in the underlying case.
The court finds by a preponderance of the evidence that General Statutes § 52-550(a)(4) bars the claim since the agreement relied upon does not adequately describe the identity CT Page 15024 of the parties purchasing. As earlier noted, the writings relied on by Dr. DeGennaro merely references the term "et al" and neither identifies the other purchaser or purchasers, nor have such other unidentified persons signed the proposed agreement of sale. Furthermore, it is clear that the defendants should prevail in this contract claim because there was no mutuality of agreement between the plaintiff, Dr. Thomas DeGennaro and the defendant 56 Beach Avenue, LLC. The seller did not agree in writing to terms on inspection contingency dates set out by the plaintiff Buyer, Dr. DeGennaro, on the original DeGennaro offer. Arnold Rutkin, a principal and managing agent of defendant 56 Beach Avenue LC, did not sign the original October 20, 1998 writing faxed to his agent Kathy Anderson as submitted. (Ex. 1) Instead he signed the fax. In this era, use of facsimile messages does not trouble the court since written business agreements are concluded every day by utilizing fax messages. However, on October 21, 1998 Rutkin made his agreement to sell on behalf of the corporation "contingent upon release of mutual cancellation from Michele and Steven Polter" [sic]. (Ex. 2). That change was never signed or agreed to in writing by Dr. DeGennaro. Before DeGennaro could agree in writing to this change, Rutkin caused to be faxed to DeGennaro's broker another writing which was essentially what he had signed on October 21, 1998 but with the words added, "Acceptance withdrawn by Seller 10/23/98" (Ex 3). Rutkin had found another buyer. The original DeGennaro offer of October 20th did not attach the extensive boiler plate provisions (Paragraphs A-O) from the standard real estate board contract in what was faxed between the DeGennaro's agent and the sellers agent, so the seller never agreed to those boiler plate revisions. Yet the plaintiff Buyer understood that his offer incorporated them. The original proposal (Ex. 1) called for an inspection period of seven days. That was never agreed to by the Seller. Instead Rutkin on behalf of the selling corporation changed that to five days and DeGennaro never initialed or otherwise indicated his written assent to that.
A later proposal — typed on the same kind of New Haven Board form was made by Dr. DeGennaro's wife, Mary C. Heimann, on October 22, 1998. That was never signed by the seller and in any event Ms. Heimann is not a plaintiff in or party to this legal action and could not personally obtain relief. It is true that some terms of sale were agreed to by the defendant corporation and Dr. DeGennaro. However, not all material and essential terms of sale were agreed to. The court cannot find the offer and acceptance of common terms of agreement reduced to one unaltered CT Page 15025 writing signed by the plaintiff and defendant seller. The court therefore finds this action is barred by the Statute of Frauds, Connecticut General Statutes § 52-550(a)(4). The court further finds there was a lack of mutuality of assent and of common agreement between Dr. DeGennaro and 56 Beach Avenue LLC for the sale of the Milford real estate and therefore it cannot find any contract existed which could be breached by the defendant seller.[1]
The court therefore finds the issues for the defendants and enters judgment for the defendants on the plaintiff's complaint.
FLYNN, J.